IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Zho Inc., <br><br>　　　　　Plaintiff, <br><br> v. <br><br> The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", <br><br>　　　　　Defendants. | Case No. 1:25-cv-05831 <br><br> Judge Honorable Andrea R. Wood <br><br> Magistrate Judge <br><br> **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Complaint Filed: 05/23/2025 |

**PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Zho Inc. ("Plaintiff") hereby brings the present Motion against the Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A" (collectively, "Defendants").

Plaintiff respectfully seeks entry of a Preliminary Injunction against Defendants, requesting that the Court order the following relief: (1) that Defendants immediately cease making, using, offering for sale, selling, and importing the products identified in Schedule A to the Complaint, as well as any other products not authorized by Plaintiff that infringe Plaintiff's Registered Design Patent (United States Patent No. D957, 284S); (2) that Defendants' assets be restrained to preserve the availability of potential monetary relief; and (3) that Plaintiff be granted expedited discovery to identify the bank accounts, payment processing accounts, and other financial accounts Defendants use in connection with their sales operations.

Plaintiff's Memorandum in Support of the Motion is filed concurrently with the Motion.

1

Dated: October 24, 2025                                    Respectfully submitted

*Marjorie Ouyang*
Marjorie Ouyang
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF ILLINOIS  
EASTERN DIVISION**

| | |
|---|---|
| Zho Inc.,<br><br>        Plaintiff,<br><br>v.<br><br>The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A",<br><br>        Defendants. | Case No. 1:25-cv-5831<br><br>**Judge Honorable Andrea R. Wood**<br><br><br><br>Complaint Filed: 05/23/2025 |

**MEMORANDUM OF LAW  
IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF  
A PRELIMINARY INJUNCTION**

Zho Inc. ("Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction (the "Motion").

## I.    INTRODUCTION

Plaintiff Zho Inc. ("Plaintiff") brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for federal patent infringement (Count I). As alleged in Plaintiff's Complaint [1], the Defendants are promoting, advertising, distributing, offering for sale, and selling products using infringing and counterfeit versions of Plaintiff's federally registered patent (collectively, the "double heart pendant") through various fully interactive e-commerce stores1 operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases").

## II.    STATEMENT OF FACTS

On September 19, 2025, this Court granted Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order ("the TRO"). The TRO was entered under seal, effective September

29, 2025, with a fourteen-day duration and a $10,000 security bond requirement. Plaintiff subsequently moved to extend the TRO, which the Court granted twice: first, to October 21, 2025, and extended to October 27, 2025. See Ouyang Decl. ¶ 2

Plaintiff's counsel sent enforcement requests to Amazon and AliExpress on September 30 and October 3, 2025, respectively. Amazon complied on October 6 by freezing Defendants' accounts, while AliExpress has not yet confirmed full compliance despite follow-up communications on October 17. See Ouyang Decl. ¶¶ 3–4

Counsel also contacted Temu, Alibaba, and Walmart between October 2 and October 18, 2025. Temu confirmed that the assets were frozen and relevant data provided. Alibaba required reissuance of the renewed TRO and a nominal processing fee to proceed. Walmart confirmed that the single Defendant account on its platform had been frozen and the issue resolved. See Ouyang Decl. ¶¶ 5–6

Based on the facts, Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of the double heart pendant. **Plaintiff requests that Defendants' financial accounts remain frozen until completion of these proceedings.** See Ouyang Decl. ¶ 7

### III.  ARGUMENT

#### A.  A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary

restraining order. *See*, e.g., *Christian Dior Couture, S.A. v. P'ships, et al.*, No. 21-cv-04828, 2021 WL 6881868, at *1-4 (N.D. Ill. Oct. 19, 2021); *Oakley, Inc. v. P'ships, et al.*, No. 20-cv-06676, 2020 WL 9455191, at *1-3 (N.D. Ill. Dec. 11, 2020).

i. <u>This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied</u>

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See*, e.g., *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

ii. <u>The Equitable Relief Sought Remains Appropriate</u>

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark . . ." 15 U.S.C. § 1116(a).

To prevent the Defendants from further manufacturing, importing, distributing, offering for sale, and selling double heart pendant and to provide notice to Defendants regarding these proceedings, Plaintiff respectfully requests that the injunctive relief already awarded be extended

through the pendency of this case.

Plaintiff also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Since the entry of the TRO, third-party platforms have provided Plaintiff with information, including the identification of financial accounts linked to the Seller Aliases, which were offering for sale and/or selling double heart pendant. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Plaintiff is entitled, as set forth in the Complaint, far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, Plaintiff's prayer for relief requests statutory damages from each Defendant. [1]. In addition, and as established in Plaintiff's TRO Memorandum [7], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. See, e.g., *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

**B.     There is Good Cause to Extend the Temporary Restraining Order Until There is a Ruling on this Motion**

In the event that the Court does not rule on this Motion before the current TRO expiration date (October 27, 2025), Plaintiff also seeks to extend the TRO to maintain the status quo until there is a ruling on Plaintiff's Motion for Entry of a Preliminary Injunction. Rule 65 dictates that under ordinary circumstances, a temporary restraining order cannot exceed 14 days, although the court may extend it "for a like period" for good cause. Fed. R. Civ. P. 65(b)(2). However, in *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, the Seventh Circuit affirmed that allowing a TRO to remain

in effect until a decision on a motion for preliminary injunction was proper. 694 F.3d 827, 843-45 (7th Cir. 2012). In affirming the TRO extension, the Seventh Circuit explicitly recognized that there will be cases where the maximum 28-day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing. *Id*. If the extension exceeds the maximum duration for a TRO under Rule 65(b), the extension "becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id.* at 844.

Defendants have notice of this case and this pending Motion and have presented no evidence of hardship that would occur by keeping the TRO in place. In addition, Plaintiff respectfully submits that there is good cause to extend the TRO, since there is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place, especially since Defendants have notice of this case.

Specifically, Defendants will likely attempt to move any assets from their financial accounts to offshore bank accounts without the TRO in place while this Motion is pending.

### IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction as to Defendants.

Dated: October 24, 2025

/s/ Marjorie Ouyang
Respectfully submitted
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, CA 92614
*Attorney for Plaintiff*