IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Zho Inc., <br><br> Plaintiff, <br><br> v. <br><br> The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", <br><br> Defendants. | Case No. 1:25-cv-5831 <br><br> **Judge: Honorable Andrea R. Wood** <br><br><br><br> Complaint Filed: 05/23/2025 |

## DECLARATION OF MARJORIE OUYANG

I, Marjorie Ouyang, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am the lead attorney for Plaintiff Zho Inc. ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. On September 19, 2025, this Court granted Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order ("the TRO"). The TRO was entered under seal, effective September 29, 2025, with a fourteen-day duration and a $10,000 security bond requirement. Plaintiff subsequently moved to extend the TRO, which the Court granted twice: first, to October 21, 2025, and extended to October 27, 2025.

3. My law clerk sent emails to Amazon and AliExpress on September 30, 2025, and October 3, 2025, respectively. Responses were received on October 6 from Amazon

and on October 9 from AliExpress. Amazon has frozen Defendants' accounts pursuant to the entry of the TRO; however, AliExpress neither froze the accounts associated with the Defendants nor provided the Defendants' email addresses as requested.

4. On October 17, 2025, my law clerk followed up with AliExpress to inquire about the status of the requested actions. In response, AliExpress stated that processing times might be extended due to a backlog. As of the date of this filing, Plaintiff is currently awaiting confirmation from AliExpress that the accounts have been frozen and that the requested information, including the Defendants' email addresses, will be provided.

5. Between October 2 and October 18, 2025, my office also contacted Temu, Alibaba, and Walmart to request enforcement of the TRO and to freeze Defendants' financial accounts.

6. Temu confirmed on October 19 and October 24, 2025, that the assets had been frozen and that the requested data had been provided. Alibaba informed us that the TRO had expired but agreed to process the renewed TRO upon payment of a $40 per-defendant administrative fee, which is currently being handled. Walmart confirmed that the single Defendant account on its platform had been frozen and that the requested information had been produced.

7. Based on the foregoing, I believe good cause exists for the Court to convert the existing Temporary Restraining Order into a Preliminary Injunction, ensuring that Defendants remain enjoined from manufacturing, importing, distributing, offering for sale, or selling the infringing products, and that their financial accounts remain frozen during the pendency of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this the 24th day of October 2025 at Denver, Colorado.

/s/ Marjorie Ouyang
Marjorie Ouyang
*Attorney for Plaintiff*
