IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

| | |
|---|---|
| Zho Inc., <br><br> Plaintiff, <br><br> v. <br><br> The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", <br><br> Defendants. | Case No. 1:25-cv-5831 <br><br> **Judge: Honorable Andrea R. Wood** <br><br><br> Complaint Filed: 05/23/2025 |

**DEFENDANT RUCHER'S INITIAL RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant #57 Rucher ("Defendant"), by and through its undersigned counsel, hereby submits its Initial Response in Opposition to Plaintiff's Motion for Preliminary Injunction as follows:

**INTRODUCTION**

Plaintiff filed the above lawsuit against Defendant, alleging Defendant's Unicorn Necklace for Girls Kids with Personalized Initial Heart Pendant ("Accused Product") infringes Plaintiff's U.S. Design Patent No. D957,284 S (hereinafter "Plaintiff's Patent") on May 25, 2025. On Oct 24, 2025, Plaintiff filed its Motion for Preliminary Injunction [Dkt.32] (hereinafter referred to as "Motion"). On Nov 5, 2025, this Court granted Defendant's Motion for an Extension of Time to Oppose Plaintiff's Motion for Preliminary Injunction, and this Court set a response deadline of Nov 24, 2025. Defendant hereby timely files its Initial Response in Opposition to Plaintiff's Motion for Preliminary Injunction.

Defendant served expedited discovery requests on Plaintiff on November 14, 2025. Exhibit

1

A and B. On November 5, 2025, the Court had ordered any party that received expedited discovery requests to respond within seven days of service. Plaintiff should have responded to Defendant's expedited discovery request by November 19, 2025, and failed to do so. As such, Defendant reserves the right to update our response in opposition when Plaintiff responds to the expedited discovery requests. Additionally, defendant Dahong Jewelry is arguing that Plaintiff's asserted design patent is invalid. On November 5, 2025, the judge ordered the plaintiff to file a reply to Defendant Dahong Jewelry's amended response in opposition (DI 43) by November 19, 2025. Plaintiff failed to file a reply the due date. This Court should rule that Plaintiff has waived its right to oppose the invalidity arguments and the Court should find Plaintiff's Patent invalid.

## ARGUMENTS

Where a party requests a preliminary injunction, that party must demonstrate by a clear showing that "(1) the threat of irreparable harm for which there is no adequate remedy at law; (2) that the threatened injury to plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 316 (7th Cir. 1984) citing, *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1261 (7th Cir. 1980). The movant (here the Plaintiff) "bears the burden of persuasion with regard to each factor in the preliminary injunction relief analysis" and if it "fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." *Smith v. Foster*, No. 16-cv-84-pp, 2016 U.S. Dist. LEXIS 59934, at *7 (E.D. Wis. May 4, 2016), quoting, *Cox v. Chicago*, 868 F.2d 217, 218 (7th Cir. 1989).

**A. PLAINTIFF CANNOT SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE DEFENDANT'S ACCUSED PRODUCT DOES NOT INFRINGE THE PLAINTIFF'S PATENT**

To show the likelihood of success on the merits for a preliminary injunction, a plaintiff "must prove that success in establishing infringement is more likely than not." *Pressure Specialist, Inc. v. Next Gen Mfg. Inc.*, 469 F. Supp. 3d 863, 868-69 (N.D. Ill. 2020) (internal citations omitted). A design patent is infringed if "an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 670 (Fed. Cir. 2008).

In this case, Plaintiff fails to provide enough evidence proving the Accused Product infringes the Plaintiff's Patent. Plaintiff attempts to show a likelihood of success by alleging that the Accused Product is sold in the same category of products as that of Plaintiff's product. Plaintiff fails to provide a comparison of each part of the Accused Product with the corresponding parts of Plaintiff's patent. Plaintiff cannot show a likelihood of success with such a comparison. The critical issue is whether "the effect of the whole design [is] substantially the same" as the corresponding portions of the accused design. See *Payless Shoesource, Inc. v.Reebok Int'l, Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993).

A detailed comparison between the Accused Product and the claims in the Plaintiff's Patent, clearly illustrates that there are major differences between the Defendant's Accused Product and Plaintiff's Patent. Please see below:



### DESIGN AND ARTISTIC DISTINCTIONS

1. Different Primary Motif – the Rucher pendant conveys a whimsical, fantasy-inspired jewelry style with asymmetry and figurative elements, whereas the Zho patented design conveys a symmetrical, purely geometric double heart.
2. Distinct Structural Configuration 1 – overlapping large heart frame on Zho, but not on Rucher
3. Distinct Structural Configuration 2 – hook on the smaller heart frame is absent on Rucher
4. Distinct Structural Configuration 3 – different frame thickness, contour and design; the Rucher design shows more angular and integrates the unicorn figure as part of the frame.
5. Variation in Cubic Zirconia Layout – the Rucher design only covers half of the left side of the heart frame leaving substantial polished metal visible whereas Zho design covers the entire left side of the heart frame.
6. Different Stone-Mounting Technique – the Rucher design employs recessed settings that sit nearly flush with the metal surface, creating a smoother appearance

In conclusion, the "double heart pendant" design covered by the plaintiff's patent makes use of the heart shape, which is a common artistic motif with inherently limited design variations, and the fundamental aspects of a conventional heart shape, including its curvature and proportions,

4

are commonly recognized. Innovative designs are mostly concentrated on structural combinations, detailed decorations, and connection methods. The above comprehensive comparison between Plaintiff's Patent and the Accused Product clearly shows differences in the overall shape, core structure, detailed features, and design space. These differences are very easily identifiable by ordinary consumers, further reducing the possibility of similarity determination. See *Dyson, Inc. v. SharkNinja Operating LLC*, No. 14-cv-779, 2018 U.S. Dist. LEXIS 234546, at *24 (N.D. Ill. Mar. 29, 2018) ("A design patent is infringed if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.") (internal citations omitted). The ordinary observer is "one of ordinary acuteness who is a principal purchaser of the underlying articles with the claimed designs." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1337 (Fed. Cir. 2015) (internal citations omitted). To be more specific, Plaintiff's Patent focuses on the "pure form of two nested and overlapping hearts," with the visual focus entirely on the combination of the two hearts, resulting in a minimalist style. The Accused Product, on the other hand, is a composite design of "heart-shaped outer frame + internal bejeweled unicorn + third heart pendent with custom initial," with the visual focus on the combination of the bejeweled unicorn and decorative gemstones. The overall design logic and visual presentation direction of the two are completely different. Even though both contain heart elements, the "conventional nature" of the heart shape, due to limited design space, cannot conceal the essential difference in their overall style. So, an ordinary consumer would conclude that Plaintiff's Patent and the Accused Product differ fundamentally in overall design logic, core structure, and key details and due to the limited space in the heart-shaped design, the differences are sufficient to create different overall visual perceptions for ordinary consumers.

Furthermore, it is doubtful that Plaintiff's U.S. Design Patent No. US D957,284 S is valid. The application that resulted in U.S. Design Patent No. D957,284 was filed on March 9, 2021.

5

However, publicly available records indicate that similar designs were being offered for sale in early as 2012. Since the design claimed in Plaintiff's U.S. Design Patent No. D957,284 were publicly disclosed over a year before Plaintiff's patent application was filed, Plaintiff's Patent's novelty and originality under 35 U.S.C. §102 and §171 are questionable.

Defendant found the examples below to potentially be prior art of Plaintiff's Patent, which assists aid non-infringement analysis of Defendant.

| No | Link | Publish Date | Figure | Analysis |
|---|---|---|---|---|
| 1 | https://www.bol.com/be/nl/p/fate-jewellery-fj448-ketting-eternal-love-collection-double-heart-925-zilver-hartje-45cm-5cm/9200000077674767/?cid=1761917795982-9085229879042&bltgh=c9328778-7722-4437-ab9a-b4dbae3eb3df.ProductList_Middle.0.ProductTitle | **August 23, 2017** | Exhibit C at page 1 | From the reviews of this Product Link 1, the earliest date of this product being publicly available can be assumed to be before 23 August 2017. However, the application date of Plaintiff's Patent is on March 9, 2021, and the inventor is a Chinese person named Qianjing Feng. (See [Dkt.3-1]) |
| | https://www.ebay.com/itm/390515570844?_skw=Sterling%2BSilver%2B%26%2B14K%2BPink%2BGold%2BGenuine%2BDiamond%2B%22I%2BAm%2BLoved%22%2BDouble%2BHeart%2BCharm&itmmeta=01K8AGV8MWKJFJ29DSSAQJJ43H&hash=item5aec8ab89c%3Ag%3ApzcAAOxyoydQ0m1d&itmprp=enc%3AAAQAKAAABEFkggFvd1GGDu0w3yXCmi1fiz6MrKcD9ynPTywes%2FqNOZDBW2Pr38oC3mIVRNUlfezLx%2FsCjOkkxuJyXhAK3%2FCNZICNI09d32xtedaKZehHGymGk1axLuZbyPBKp1%2FzSeuy8iIIspwxuSTeLd2B5%2Fs634QuDqo68reKBnJ4L9amnfq3uGNtFucW1ZH08EGBl4Vt1UPK0gDY | Dec 21, 2012 | Exhibit D at pages 1, 5-7. | From the reviews of this Product Link 2, the earliest date of this product being publicly available can be assumed to be Dec 21, 2012 and its latest update is on Jan 30, 2019，as shown by the link updated records of this product (see Exhibit D at page 6-7), Which are both much earlier than the application date of Plaintiff's Patent on March 9, 2021. |

| | | | |
|---|---|---|---|
| TmiPhkHQoIhAgVf9CblIiLDzJJZ--iMIake0YlPq5iBdSOteK5PuY9SDF3%2BpRF7Y4BPC%2B%2FJ7idl3MJHS2UPPlcoLeqH%2BSi2%2B67V8Je31nctXdOz%2FHXjr64M%2FRxCdDCKp9nP5on2XuKAK5BW006Nvs5%2BixICJR6euL%7Ctkp%3ABk9SR8SK7dDCZg.json | | | |

Therefore, **Plaintiff will not succeed on the merits** given the fact that the Accused Product does not infringe Plaintiff's Patent and Plaintiff's Patent appears to be invalid.

### B. PLAINTIFF WILL NOT SUFFER IRREPARABLE HARM

A preliminary injunction is "an extraordinary remedy never awarded as of right." See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A Plaintiff seeking a preliminary injunction must show that he will suffer irreparable harm, that traditional legal remedies would be inadequate, and that he has some likelihood of prevailing on the merits of his claims. See *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quoting *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)).

In this case, Plaintiff only shows Defendant selling the same kind of product as that of Plaintiff, which is insufficient to show or argue the likelihood of irreparable harm that Plaintiff is required to show to justify a preliminary injunction. The risk or threat of irreparable harm to Plaintiff is non-existent because Defendant does not sell infringing products. Defendant's business is not built upon sales of infringing products. Furthermore, the above comparison between the Accused Product and the Plaintiff's Patent, shows significant differences to counter any arguments from Plaintiffs of irreparable harm.

### C. PLAINTIFF FAILS TO ESTABLISH ANY FACTS WHICH SUPPORT A BLANKET FREEZE OF DEFENDANT'S ASSETS

A prejudgment asset restraint is an extraordinary measure that is appropriate when an equitable remedy of accounting would be jeopardized without a restraint; it is not a device to be employed simply to secure a pot of money for later recovery of damages. See *Jergenson v. Inhale Int'l Ltd.*, No. 22 CV 2040, at *13 (N.D. Ill. Jan. 12, 2023) (citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330-33 (1999).

The aim of preliminary judgment is not for recovery of "later damages". While asset freezes may be common in real counterfeiting cases, an asset freeze is still an extreme remedy that has a very limited purpose. A district court should not freeze a defendant's assets solely to preserve a plaintiff's right to recover damages. See *Grupo Mexicano*, supra.

In this case, Plaintiff has not shown, or even alleged, sufficient evidence to support a success on the merits and suffering of irreparable harm. Plaintiff fails to establish any facts that support a blanket freeze of Defendant's assets. Plaintiff's generic allegations regarding purported shady foreign entities have no bearing on Defendant. This alone should be sufficient to deny Plaintiff's Motion. The standard for granting a preliminary injunction is identical to the standard for granting a temporary restraining order in this Circuit. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin. Inc.,* No. 1:01-cv-00905, 2001 WL 527404 at *1 (N.D. Ill. May 15, 2001). since Plaintiff fails to provide sufficient evidence to support its motion for a preliminary injunction, the restriction order on Rucher's Amazon account should be removed.

### CONCLUSION

Based on the reasons stated above, the grounds for granting a preliminary injunction against Defendant Rucher do not exist, the preliminary injunctive requested by Plaintiff should be denied.

Dated: November 24, 2025,            Respectfully submitted,

                                                 */s/ Steven War*
                                                 Steven War, Esq.
                                                 War IP Law PLLC
                                                 5335 Wisconsin Ave, N.W.,
                                                 Suite 440
                                                 Washington, DC 20015
                                                 202-800-3751
                                                 Email: steve@wariplaw.com
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Initial Response in Opposition was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on November 24, 2025.

      /s/ *Steven War*